IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NAGE S. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-830-BL-JTA |
| | ) | |
| UR M. JADDOU, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 6, 2025, the court ordered *pro se* Plaintiff Nage S. to serve Defendants on or before March 20, 2025. (Doc. No. 7.) Despite an extension of time and repeated warnings, Plaintiff has not properly served Defendants. (*See* Docs. No. 9, 12.)

For the reasons stated below, the undersigned recommends this action be dismissed without prejudice for failure to comply with court orders and to effect timely service.[1]

## I. JURISDICTION

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1361.[2]

## II. STANDARD OF REVIEW

### A. Failure to Comply with Court Orders

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 4.)

[2] Citing § 1361, Plaintiff filed this action in the nature of mandamus to compel Defendants, who are employees of the United States, to perform their alleged duty owed to him by granting lawful permanent resident status to his wife and two children. (*See* Doc. No. 1 at 2.)

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and pursuant to Rule 41(b)[3] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967));[4] *see also* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be

---

[3] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

[4] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Chambers*, 501 U.S. at 43 (holding federal courts are vested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Equity Lifestyle*, 556 F.3d at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). Dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520.

B. Rule 4(m) of the Federal Rules of Civil Procedure

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

## III. FACTS

Plaintiff initiated this case nearly one year ago and Defendants have yet to be properly served. On December 20, 2024, Plaintiff filed his complaint against Defendants for mandamus and declaratory judgment. (Doc. No. 1.) Three days later, the Clerk of Court issued a notice to Plaintiff regarding his failure "to include proposed summons and service material to be served on the defendant(s) in this case." (Doc. No. 2.) The Clerk requested Plaintiff to file "as soon as possible two proposed summons per defendant, one copy of the complaint per defendant, completed envelopes with certified mail return receipt requested postage affixed, certified mail green cards, and certified mail return receipt cards as soon as possible." (*Id.*) The notice advised Plaintiff to refer to Federal Rule of Civil Procedure 4 "for guidance regarding proper service" and provided instructions on how to request waiver of service. (*Id.*)

A month later, on January 28, 2025, Plaintiff attempted to file a waiver of service on behalf of Defendants.[5] (Doc. No. 6.) On February 6, 2025, the court struck the document from the record and instructed Plaintiff on the procedures to obtain a waiver from Defendants. (Doc. No. 7.) The court ordered Plaintiff to serve Defendants on or before March 20, 2025, if Defendants did not waive service, in accordance with Rule 4(m). (*Id.*) Plaintiff was informed that "**failure to serve Defendants within this timeframe may constitute grounds for dismissal of this case without prejudice**." (*Id.* (emphasis in original) (*see also* Fed. R. Civ. P. 4(m)).) Plaintiff did not file a signed returned waiver from Defendants or proof of service by the

[5] Plaintiff filed a waiver of service which he signed, not Defendants. (Doc. No. 6.) The Clerk of Court had already instructed Plaintiff that the waiver of service must be "signed by the defendant or their counsel" (Doc. No. 2), but Plaintiff did not follow that instruction.

deadline. Hence, on May 6, 2025, the court ordered Plaintiff to show cause why this case should not be dismissed for failure to properly serve Defendants in accordance with Rule 4(m). (Doc. No. 9.)

On May 21, 2025, Plaintiff filed a response to the show cause order alleging he successfully served Defendants via certified mail and provided the court with tracking numbers. (Doc. No. 11-1 at 1). On July 9, 2025, the court entered an order explaining the tracking numbers were insufficient to show proper service on Defendants. (Doc. No. 12.) The court noted that, for service via mail to be effective, a plaintiff must "file an affidavit with the court that verifies a copy of the summons and complaint were sent to the defendant, and provide a return receipt card signed by each defendant to the Clerk of Court." (*Id.* (quoting Ala. R. Civ. P. 4(i)(2)(B)-(C)).)

In addition, the court liberally construed Plaintiff's response to the show cause order as a motion to extend time for service and granted the motion. (*Id.*) The court extended the time for service to August 1, 2025. (*Id.*) The court ordered Plaintiff to file three properly completed summonses on or before July 25, 2025, for the Clerk of Court to effectuate service. (*Id.*) Plaintiff again was reminded that "**failure to serve Defendants within this timeframe or follow the court's order may constitute grounds for dismissal of this case without prejudice.**" (*Id.* (emphasis in original) (s*ee also* Fed. R. Civ. P. 4(m).) To date, Plaintiff has failed to file the three proposed summonses or serve Defendants.

## IV. DISCUSSION

### A. Failure to Comply with Court Orders

This action is due to be dismissed without prejudice because Plaintiff failed to comply with court orders. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).[6] The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." (*Id.*) It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (*Id.* at 630–31.) In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the undersigned finds a clear record of delay and that sanctions lesser than dismissal would not suffice. *See Mingo*, 864 F.2d at 102.

B. Failure to Serve Defendants

This action is also due to be dismissed for failure to timely serve Defendants under Rule 4(m). A plaintiff must serve a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If a defendant is not served within this period, the court "must dismiss the action without prejudice against that defendant." (*Id.*) If Plaintiff shows good cause for the failure, the court "must extend the time for service for an appropriate period." (*Id.*)

[6] Plaintiff was warned repeatedly if he failed to serve Defendant by the court's deadline, this case may be dismissed. (*See* Docs. No. 7, 12.) Plaintiff also was warned that failure to follow the court's order "may constitute grounds for dismissal of this case without prejudice" and "may result in dismissal of this action." (Docs. No. 9, 12 (emphasis omitted).)

To comply with the 90-day deadline after filing the complaint, Plaintiff was required to serve Defendants on or before March 20, 2025. In the court's order on February 6, 2025, the court reminded Plaintiff of this deadline and explained that failure to meet this deadline may result in dismissal. (Doc. No. 7.) Despite this warning, Plaintiff failed to serve Defendants by the deadline. When afforded an opportunity to show cause why this case should not be dismissed under Rule 4(m), Plaintiff responded that he served Defendants via certified mail. Yet, Plaintiff's alleged service was improper. Recognizing Plaintiff's attempt to serve Defendants, the court extended the time for service and directed Plaintiff to complete the summonses and return them to the Clerk of Court for service on Defendants by July 25, 2025. Despite the extension, Plaintiff has not filed the completed summonses nor shown that Defendants were served through some other appropriate method. Because Plaintiff has repeatedly failed to serve Defendants within the time limits set by the court, the undersigned recommends this case be dismissed without prejudice pursuant to Rule 4(m).

## V. CONCLUSION

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **December 2, 2025,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of November, 2025.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE